## MUMMA v JACOBS, Admrx

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1012. Decided Dec 8, 1930

Marshall & Harlan and Allaman, Funkhouser, Murr and Shellenberger, Dayton, for Mumma.

McMahon, Corwin, Landis & Markham, Dayton, for Jacobs, Admrx.

**HORNBECK, J.**

Daniel Iddings was called as a witness on behalf of defendant and after certain preliminary questions and answers it was established that Mr. Iddings had dealings with Mr. Jacobs while representing a client, The Independent Awning Company. This question was put:

"Q. You had a personal talk with Mr. Jacobs?

A. I met Mr. Jacobs in that connection, yes, sir.

Q. What was the transaction you had with Mr. Jacobs at that time?"

Mr. Markham objected claiming that the testimony was hearsay. After some discussion wherein it appeared that this testimony was offered for the purpose of reflecting upon the earning capacity of Mr. Jacobs the court sustained the objection upon the theory that the evidence was hearsay to which action exception was noted.

If the court was correct, for any reason, in refusing to admit it there was no error in the action taken. Counsel read into the record that Mr. Iddings would testify, if permitted, that in the conversation he had with Mr. Jacobs he admitted there was a shortage in his accounts with The Independent Awning Company the exact amount of which he did not know; that the shortage had been brought about by either forgery or raising checks on his part. Thereafter Mr. Iddings expressed an unwillingness to testify to the subject matter of the conversation suggesting that it would be a violation of a confidential communication received by him while acting in the capacity of attorney for his client.

The statement of Mr. Iddings of the transaction which he had with Mr. Jacobs would have resulted in divulging communications involving the subject matter in the first instance communicated to Mr. Iddings by his client, and borders very closely on a violation of the confidential communication rule.

Coming directly to the ultimate question of the competency of this testimony. We have not been favored with citations of any authorities touching the matter. In our judgment, this was not the proper method of proving the earning capacity of Mr. Jacobs. It is, of course, obvious that the lack of honesty would reduce the earning power of any individual, but before it would effect the ability to earn it must have been known by a prospective employer. It seems to us that, if this testimony were admissible at all, it should have been tendered in the form of proof of general reputation and it is familiar rule that such proof cannot be made by evidence of specific acts involving traits of character.

We find no support upon our investigation for the admissibility of this evidence and following the rule, which we are required to do, that the correctness and regularity of the record is to be presumed in the absence of a showing to the contrary, we are constrained to say that there was no error in refusing to accept the proffered statements of Mr. Iddings.

Finally it is urged that the court erred in refusing to give the following special charge before argument.

"You are instructed that the answer filed by Clyde Mumma as guardian ad litem for Bernard Mumma, a minor is in compliance with the general code of Ohio providing that the answer of the guardian of an infant shall deny all material allegations of the petition prejudicial to such defendant."

It is claimed that the manner of proof of plaintiff's case wherein several witnesses were offered to establish the fact that Mr. Jacobs had died by reason of being struck by defendant's automobile resulted in prejudice. Of course, as Mr. Mumma the first witness on the stand, had admitted that the automobile which he was driving struck and killed Jacobs there was no necessity for further proof of this fact. However, it cannot be said to be prejudicial because further evidence was introduced on this question. Such practice is common and to be found in almost every case tried. The situation concerning this requisite proof of death of Mr. Jacobs if improperly met could constitute prejudicial conduct and this is claimed. However, most careful examination of the record fails to disclose any misconduct on the part of counsel for plaintiff. As we view

this special charge it was merely a matter of discretion on the part of the trial court whether or not it should be given. If there was reason to believe that counsel for plaintiff had misused and had improperly met the situation presented by the issue drawn by the answer of defendant, guardian ad litem, this charge should have been given to remove possible prejudice. Inasmuch as this condition did not appear it was not error to refuse to give the special charge. This charge is not such an one as is con-- templated, by §11447 GC, refusal to give which is error.

Upon full consideration of this record we find no error manifestly prejudicial to plaintiff in error and the judgment of the trial court will therefore be affirmed.

KUNKLE, PJ, and ALLREAD, J, concur.